UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.

KAWASAKI KISEN KAISHA LTD.,
"K" LINE AMERICA, INC., "K" LINE
RORO BULK SHIP MANAGEMENT CO.,
LTD.,

    Defendants.
_____/

Case No. 21-cv-10119
Paul D. Borman
United States District Judge

**ORDER GRANTING PLAINTIFF FORD MOTOR COMPANY'S MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY AS TO THE COURT'S JURISDICTION OVER K-LINE MANAGEMENT (ECF NO. 32)**

Plaintiff Ford Motor Company alleges that Defendant "K" Line Roro Bulk Ship Management Co., Ltd. (K-Line Management) must adhere to the forum designated in the Transportation Services Agreement (TSA) because it assumes TSA duties and is vertically integrated with signatory Defendant Kawasaki Kisen Kaisha Ltd. (K-Line). (Ford Motor Company's Reply in Support of Its Motion for Leave to Conduct Limited Jurisdictional Discovery, ECF No. 40, at PageID.957.)

Ford then requests "narrowly tailored discovery addressing K-Line Management's close relationship to the TSA, K-Line, and the destruction of Ford's cargo that led to this suit." (*Id*. at PageID.958.) (ECF No. 32, Ford Motor Company's Motion for Leave to Conduct Limited Jurisdictional Discovery.)

1

The Court in the exercise of its discretion, grants Plaintiff Ford Motor Company's Motion for Leave to Conduct Limited Jurisdictional Discovery as to Defendant K-Line Management, a wholly owned subsidiary of K-Line.

While Ford has not pled that Defendant K-Line Management is the alter ego of Defendant Kawasaki Kisen Kaisha Ltd., it has alleged that K-Line Management is a corporate subsidiary "closely related" to the actual party to the contractual agreement.

The Court finds that this is not a fishing expedition. This is a legitimate request to unravel the interstices of the relationship between K-Line and its subsidiary K-Line Management.

While Defendant asserts that "this Court" denied jurisdictional discovery in *Smith v. Amada Machine Tools America, Inc.,* No. 16-12178, 2017 WL 4339328 (E.D. Mich. June 12, 2017), that is not correct. *Smith* was decided by United States District Judge Laurie Michelson, not by this Court. Further, the *Smith* decision by Judge Michelson noted:

> It is hardly surprising that two affiliates in different countries might play different roles in a particular product's supply chain.

(ECF No. 40-1, at PageID.981.) In the instant case, the two entities at issue in this Motion are both located in one country--Japan.

2

Another District Court in this Circuit noted in *Wiedo v. Securian Life Insurance Company*, 2020 WL 5219536 (E.D. Ky. Sept. 1, 2020) at *5., ECF No. 40-1, at PageID.991:

> Courts in this circuit have expanded on these principles, finding that "a non-signatory to a forum selection clause may be bound if the non-signatory is 'closely related' to the contracting parties or dispute, such that it was 'foreseeable' that it will be bound."

This Court finds this instructive as to the instant case.

Accordingly, the Court, in the exercise of its discretion, GRANTS Plaintiff Ford Motor Company's request for limited jurisdictional discovery as to K-Line Management. (ECF No. 32.) The Court limits the discovery to that requested in Ford's Reply at p. 6. (ECF No. 40, at PageID.962.)

SO ORDERED.

DATED:  March 28, 2022            s/Paul D. Borman
                                  PAUL D. BORMAN
                                  UNITED STATES DISTRICT JUDGE